UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

DALE WINTERS                               CIVIL ACTION NO. 2:13-cv-3143
                                                          SECTION P

VERSUS                                          JUDGE MINALDI

ANDREW M. CASANAVE                       MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff Dale Winters.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC").  He is housed at the Calcasieu Correctional Center (hereinafter "CCC") in Lake Charles, Louisiana.  Plaintiff names court appointed attorney Andrew M. Casanave as defendant.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

*I.*
*Background*

Plaintiff alleges that his court appointed attorney, Andrew Casanave, provided ineffective assistance of counsel while representing him in a criminal action.  Specifically, he states that Casanave failed to contact him for over a year after their initial meeting, told him that the offered

plea agreement was only on the table for a short amount of time, and refused to file requisite pretrial motions, including a motion to suppress.  Doc. 1, pp. 2-4.

Plaintiff filed a complaint against Casanave with the Louisiana Attorney Disciplinary Board.  *Id.* at p. 3.  Casanave responded to the complaint, which was dismissed by the Disciplinary Board.  *Id.*  at att. 2, pp. 1-3.

Plaintiff seeks $75, 000.00 in monetary damages against the defendant.

## II.
### Law and Analysis

### A.  Screening

Pursuant to 28 U.S.C. § 1915(e), this court is authorized to scrutinize the basis of the complaint and, if appropriate, dismiss the case, or any part of it, without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it lacks any arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)).  To prevail in a section 1983 lawsuit, a plaintiff must establish a deprivation of a right secured by federal law that occurred under color of state law, and which was caused by a state actor.  *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

### B.  No State Actor

Plaintiff names his court appointed attorney as defendant.  An attorney, even if court appointed, is not a state actor pursuant to § 1983.  *Mills v. Criminal Dist. Court # 3,* 837 F.2d 677, 679 (5th Cir.1988) ("Private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."). Casanave did not act under the color of state law in representing plaintiff in his criminal case.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C.  § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

THUS DONE this 19th day of November, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE